# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH E. BONAPARTE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV413-164 |
| STEVE SIKES, *Sheriff of Liberty County*; UNKNOWN SAFETY MANAGER; UNKNOWN CAPTAIN, JOHN D. McIVER, LIBERTY COUNTY ADM. JOSEPH W. BROWN, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Joseph Bonaparte has been allowed to proceed *in forma pauperis* in this 42 U.S.C. § 1983 action challenging the conditions of his confinement at the Liberty County Jail. (Doc. 1 (Complaint).) After screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, the Court finds that he has failed to state a claim for relief.

Bonaparte complains that while confined at the Liberty County Jail on August 15, 2011, he awoke to find that a fire had started in his cell. (Doc. 1 at 2.) When he could not extinguish the flames, he endeavored to

summon the guards but had difficulty doing so since there was no "distress call button" in his cell. (*Id.*) Although the fire worsened and produced a lot of smoke, the sprinkler system failed to engage. Other inmates began to yell for the guards but it took some 15 minutes to get their attention. (*Id.*) He seeks $1,000,000 for unspecified physical and mental damage sustained from the incident, and he wants Liberty County to put functioning distress call buttons in every cell, replace the sprinkler system, add adequate ventilation, and have all prison employees trained in the proper response procedures for fire, burns, and smoke inhalation. (*Id.* at 8.)

Bonaparte contends that defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.[1] (*Id.* at 4.) The constitutional obligation to provide humane conditions of

---

[1] It is unclear whether Bonaparte was serving a sentence of imprisonment or was held in pretrial detention at the time of the events alleged in his complaint. Although the Eighth Amendment's proscription of "cruel and unusual punishments" applies only to convicted prisoners and not to pretrial detainees (who may not be subjected to any form of punishment), the Fourteenth Amendment Due Process Clause entitles detainees to the same level of protection and humane treatment as convicted prisoners. *Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Regardless of his custodial status, therefore, the Court will apply Eighth Amendment jurisprudence in evaluating his claims.

confinement requires prison officials to "'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To establish that he has been treated inhumanely, a prisoner must meet both the objective and subjective elements of an Eighth Amendment claim. First, he must allege a prison condition that, objectively, is so extreme as to pose "a substantial risk of serious harm to his health or safety." *Id.* at 834. Second, he must demonstrate that the responsible prison official had the subjective mindset of "deliberate indifference" to that excessive risk. *Id.*; *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Even reading his complaint most charitably, Bonaparte has not alleged facts sufficient to satisfy the second requirement (and it is questionable whether he has met the first).

Bonaparte's complaint, which rests upon a single episode at the Jail, charges the defendants with a failure to exercise due care for his safety: Sheriff Sikes "failed to provide ordinary care in keeping the premises safe," the safety manager "failed . . . to provide simple maintenance to ensure the sprinkler system worked and failed to provide distress options," an unknown captain "failed to oversee his

3

subordinates" to ensure that they were able to respond rapidly to an emergency, Liberty County Chairman McIver and County Administrator Brown "failed to provide diligence in making sure properties located in Liberty County were up to Code and passed maintenance and safety procedures." (Doc. 1 at 3.) Bonaparte thus founds his complaint upon the traditional elements of a cause of action for negligence—that defendants breached a legal duty (owed to any person held in their custody) by unreasonably failing to protect him from a recognizable risk of harm, a harm that would have been avoided had they but exercised due care and proper diligence for his safety. *See* William L. Prosser, Law of Torts §§ 30-31 (4th ed. 1971).

Such a claim of negligence on the part of prison officials, however, is insufficient to establish liability under the Eighth Amendment. *Farmer*, 511 U.S. at 835 (Eighth Amendment liability "requires 'more than ordinary lack of due care for the prisoner's interests or safety'" and is "more blameworthy than negligence"). Negligence imposes no state-of-mind requirement and focuses exclusively on a defendant's *conduct*; if that conduct does not measure up to what a reasonable man of ordinary prudence would have done under like circumstances, then recovery is

permitted for failure to guard against a recognizable risk of harm that the defendant *should have* appreciated, even if he did not.[2] A prison official, however, must have a "'sufficiently culpable state of mind'" -- that of deliberate indifference -- before he can be found liable under the Eighth Amendment for inflicting "punishment" upon an inmate. *Farmer*, 511 U.S. at 834.

*Farmer* expressly rejected "an invitation to adopt an objective test for deliberate indifference" and instead held that the requisite mental state is the "subjective recklessness" standard used in the criminal law: the official must be *actually aware* of the risk to which the inmate is exposed and he must consciously disregard that risk. *Id.* at 837, 839-40. This is a far more demanding standard than the objective test governing negligence or civil-law recklessness claims. Under the Eighth

---

[2] Prosser, § 31 at 145 ("'Negligence is conduct, and not a state of mind.'"); *id.* § 32 at 150 (negligence law demands that an actor conform his conduct to an "external and objective" standard, that of the hypothetical reasonable man who *invariably* uses ordinary care and skill, even though such a person "never has existed on land or sea"); *Farmer*, 511 U.S. at 838 ("The common law . . . imposes tort liability on a purely objective basis."). The same objective reasonable-man standard applies even to the aggravated forms of negligence known as "gross negligence" or civil-law "recklessness." *Id.* § 34; *Farmer*, 511 U.S. at 836 (civil-law recklessness, generally equated with gross negligence, permits recovery where the defendant fails to protect plaintiff from "an unjustifiably high risk of harm that is either known or is so obvious that it should be known").

5

Amendment, a prison official cannot be held liable for his "failure to alleviate a significant risk that he should have perceived but did not." *Id.* at 838; *id.* at 841 (noting that a subjective consciousness of the risk is required by the Constitution, as the purely objective test allowed by negligence law fails to ensure "that only inflictions of *punishment* carry liability" under the Eighth Amendment) (emphasis added).

Bonaparte's allegations that the defendant officials failed to exercise due care for his safety state a claim for negligence, and he may be entitled to pursue such a claim in state court. Those allegations, however, cannot serve as the basis for a claim of inhumane conditions of confinement under the Constitution, which demands a "subjective culpability" not required under a negligence theory. *Farmer*, 511 U.S. at 843. His § 1983 complaint, therefore, should be dismissed for failure to meet the subjective element of an Eighth Amendment claim.[3]

---

[3] It is also questionable whether Bonaparte has alleged facts satisfying the objective element of an Eighth Amendment claim. Bonaparte claims that while he was asleep "a fire started in [his] cell." (Doc. 1 at 2.) He does not relate the *cause* of the fire, and given the spartan nature of jail construction and décor (concrete and steel), it is not readily apparent how his cell could spontaneously combust. While the outbreak of a fire inside the close quarters of a jail would certainly be a significant and potentially catastrophic event, Bonaparte has not alleged facts establishing that, objectively, "he [was] incarcerated under conditions posing a *substantial risk*" of such an occurrence. *Id.* at 834 (emphasis added). If the fire was not reasonably foreseeable, then there can be no Eighth Amendment liability or, for that matter, tort

6

**SO REPORTED AND RECOMMENDED** this 6th day of May, 2014.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

liability for negligence. *See* Prosser § 31 ("No man can be expected to guard against harm from events which are not reasonably to be anticipated at all . . . ."). So absent proof of "an objectively intolerable risk of harm," *Farmer*, 511 U.S. at 846, the fact that a fire started in his cell is not enough to warrant recovery for any injuries he may have suffered as a result of the fire. (Bonaparte also never explains how the sprinkler system was defective in not activating as a result of the smoke generated by the fire in his cell; such devices typically engage as a result of intense *heat*, not mere smoke.)